993 F.2d 913
 301 U.S.App.D.C. 251
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Rodney E. MAHAN, Appellant,
v.
DISTRICT OF COLUMBIA, et al.
 No. 92-7208.
 United States Court of Appeals, District of Columbia Circuit.
 April 29, 1993.
 
 Before: WALD, RUTH B. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed September 23, 1992, granting the appellees' motion to dismiss appellant's complaint, be affirmed. State regulations may give rise to a constitutionally protected liberty interest provided they contain substantive limitations on official discretion. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989). Here, no such limitations on the District of Columbia Parole Board's authority to grant parole exist. See D.C.Code Ann. § 24-204(a) ("[w]henever it appears to the Board of Parole that there is reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence ... the Board may authorize his release on parole ...") (emphasis added). Thus, appellant has failed to demonstrate that he has a protected liberty interest entitled to due process protection.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.